| | |
|---|---|
| STATE OF MAINE<br>Cumberland, ss | SUPERIOR COURT<br>DOCKET NO. C.V. CV-12-532 |

SUE ANN DRAPER )
of County of Androscoggin )
State of Maine. )
 )
    Plaintiff )
 ) COMPLAINT
    v. )
 )
STATE OF MAINE, Department of )
Health and Human Services )
 )
MARY MAYHEW, in her official capacity )
as Commissioner, State of Maine )
Department of Health and Human )
Services )
 )
    Defendants )

STATE OF MAINE
Cumberland, ss Clerk's Office
DEC 2 - 2012
RECEIVED

Plaintiff hereby complains against Defendants as follows:

### INTRODUCTION

(1) This is an action for declaratory and injunctive relief and damages to redress the deprivation of certain civil rights secured by the Maine Human Rights Act, the Americans with Disabilities Act and the Rehabilitation Act. Plaintiff alleges that Defendants subjected her to discrimination by failing to provide her with an interpreter and affording her an opportunity to participate in its services that was not equal to that afforded others. Hearing individuals with limited English proficiency are provided instant telephone interpreting services, but Defendants refuse to provide the Deaf the equivalent service - Video Remote Interpreting.

1

## PARTIES

(2) Plaintiff, Sue Ann Draper, is a resident of Androscoggin County, State of Maine.

(3) Defendants are the State of Maine and Mary Mayhew in her official capacity as Commissioner of Maine's Department of Health and Human Services.

## ADMINISTRATIVE PROCEEDINGS

(4) Plaintiff Sue Ann Draper filed a timely complaint under oath with the Maine Human Rights Commission against the State of Maine alleging unlawful discrimination.

(5) The Commission investigated the complaint and did not find reasonable grounds to believe that unlawful discrimination occurred.

(6) This Court has jurisdiction over this Maine Human Rights action pursuant to 5 M.R.S.A. §4621.

## FACTUAL ALLEGATIONS

(7) Since childhood and all material times Sue Ann Draper has been a deaf individual who requires an American Sign Language interpreter for effective communication.

(8) At all material times, Plaintiff Draper's hearing loss has constituted a "physical disability" within the meaning of the Maine Human Rights Act and a "physical impairment" that substantially limits her in the major life activity of hearing within the meaning of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

(9) Plaintiff Draper is a qualified individual with a disability in that she can with or without reasonable modifications to rules, policies or practices, the removal of architectural, communication or

transportation barriers or the provision of auxiliary aids and services meet the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by the Defendants.

(10) Plaintiff Draper is and has been for several years a recipient of services from the State of Maine's Department of Health and Human Services.

(11) These services require her to meet with the Department's representatives on a regular basis.

(12) On March 9, 2010 Plaintiff Draper had a scheduled appointment with Defendants, specifically with an employee of the Department of Health and Human Services on Marginal Way in Portland, Maine.

(13) Plaintiff Draper requested in advance that an American Sign Language interpreter be at the meeting.

(14) Plaintiff Draper called Defendants on March 9, 2010 to verify that an interpreter would be at the March 10, 2010 meeting.

(15) On March 10, 2010 Plaintiff Draper arrived at the meeting and there was no interpreter.

(16) Defendants cancelled the interpreter prior to the meeting.

(17) On April 15, 2010 Plaintiff Draper went to the Defendants' office on Marginal Way in Portland, Maine to obtain emergency assistance in order to remain in her home.

(18) There was no interpreter.

(19) It is the policy and practice of the Defendants not to provide Video Remote Interpreting for American Sign Language users.

(20) It is the policy and practice of the Defendants to provide instant telephone interpreter services for hearing individuals with limited English proficiency.

(21) On April 21, 2010 Plaintiff Draper had an appointment scheduled with the Defendants at their Marginal Way office in Portland.

(22) Plaintiff Draper requested in advance that an American Sign Language interpreter be at the meeting.

(23) On April 21, 2010 Plaintiff Draper met with the Defendants and there was no interpreter.

(24) The interpreter had been cancelled by the Defendants.

(25) On May 5, 2010 Plaintiff Draper had a scheduled appointment with Defendants at its Marginal Way office in Portland, Maine.

(26) Plaintiff Draper requested in advance that an American Sign Language interpreter be at the meeting.

(27) On May 5, 2010 Plaintiff Draper arrived at the Defendants' office on Marginal Way in Portland, Maine but the scheduled interpreter failed to appear.

(28) During her visits to the Defendants' office at Marginal Way in Portland in March, April and May 2010 Plaintiff Draper asks Defendants' employees that Defendants provide Video Remote Interpreting so that she could communicate without having to wait weeks for an interpreter and in cases when the interpreter is cancelled by mistake or fails to show up.

(29) Plaintiff Draper requested just prior to filing this suit that Defendants provide Video Remote Interpreting for her.

(30) Defendants refuse to provide Video Remote Interpreting for American Sign Language users.

(31) Plaintiff Draper has experienced inconvenience, travel expenses and other pecuniary losses, mental anguish, and emotional stress as a direct result of the Defendant's failure to provide American Sign Language interpreters.

## COUNT 1

(Maine Human Rights Act – Unlawful Discrimination)

(32) Plaintiff Draper re-alleges and herby incorporates by reference Paragraphs 1-31 as if set forth in their entirety.

(33) Defendant State of Maine is a public entity that operates a place of public accommodation.

(34) Defendants discriminated against Plaintiff Draper by failing to provide American Sign Language interpreters.

(35) Defendants discriminated against Plaintiff by not providing her with Video Remote Interpreting and thereby treating her differently than other individuals.

(36) Defendants have discriminated against Plaintiff by its methods of administration.

(37) As such, Defendants have violated the Maine Human Rights Act, 5 M.R.S.A. § 4592(1.) and 5 M.R.S.A. §4592(7).

(38) As a result of Defendant's actions, Plaintiff has been injured and suffered pecuniary losses, emotional pain and suffering and other non-pecuniary losses.

## COUNT II

(Americans with Disabilities Act – Unlawful Discrimination)

(39) Plaintiff Draper re-alleges and hereby incorporates by reference Paragraphs 1-38 as if set forth in their entirety.

(40) Defendant State of Maine is a public entity as defined in 42 U.S.C. §12131 (1).

(41) Title II of the Americans with Disabilities Act, 42 U.S.C. §12132, provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

(42) Defendants discriminated against Plaintiff Draper by failing to provide American Sign Language interpreters and by affording her an opportunity to participate in its services that was not equal to that afforded others.

(43) As a result of Defendants' actions, Plaintiff has been injured and suffered pecuniary losses, emotional pain and suffering and other non-pecuniary losses.

## COUNT III

(Section 504 of the Rehabilitation Act)

(44) Plaintiff Draper re-alleges and hereby incorporates by reference Paragraphs 1- 43 as if set forth in their entirety.

(45) Defendants are recipients of federal financial assistance.

(46) Section 504 of the Rehabilitation Act, 29 U.S.C. §794, provides that no qualified individual with a disability, solely by the reason of his or her disability, may be subject to discrimination under any program or activity receiving Federal financial assistance.

(47) Defendants discriminated intentionally or with deliberated indifference against Plaintiff Draper by failing to provide American Sign Language interpreters and affording her an opportunity to participate in its services that was not equal to that afforded others in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §794.

(48) As a result of Defendants' actions, Plaintiff has been injured and suffered pecuniary losses, emotional pain and suffering and other non-pecuniary losses.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter an order providing as follows:

A. To enter judgment declaring that the Defendants' practices complained of herein are unlawful as alleged.

B. Grant Plaintiff a permanent injunction enjoining Defendants to adopt and implement policies and procedures to ensure that Defendants carries out its services in a nondiscriminatory manner.

C. To order the Defendants to pay Plaintiff appropriate civil penal damages pursuant to the Maine Human Rights Act.

D. To award compensatory damages to Plaintiff.

E. To award Plaintiff attorney's fees and costs.

F. To award Plaintiff any and all other relief as may be necessary and appropriate.

Dated: December 21, 2012

Respectfully submitted,

*M Elizabeth Gallie*
M Elizabeth Gallie, Esq. Bar No. 3677

Maine Center on Deafness
68 Bishop Street
Portland, Maine 04103
(207) 797 7656

# SUMMARY SHEET

This summary sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by the Maine Rules of Court or by law. This form is required for the use of the Clerk of Court for the purpose of initiating or updating the civil docket. (SEE INSTRUCTIONS ON REVERSE)

| | |
|---|---|
| **I. County of Filing or District Court Jurisdiction:** | Cumberland |

**II. CAUSE OF ACTION** (Cite the primary civil statutes under which you are filing, if any.) *Pro se* plaintiffs: If unsure, leave blank.

**III. NATURE OF FILING**
- [x] Initial Complaint
- [ ] Third-Party Complaint
- [ ] Cross-Claim or Counterclaim
- [ ] If Reinstated or Reopened case, give original Docket Number __CV-12-532__
  (If filing a second or subsequent Money Judgment Disclosure, give docket number of first disclosure)

**IV.** ☐ TITLE TO REAL ESTATE IS INVOLVED

**V. MOST DEFINITIVE NATURE OF ACTION.** (Place an X in one box only)   *Pro se* plaintiffs: If unsure, leave blank.

### GENERAL CIVIL (CV)

**Personal Injury Tort**
- ☐ Property Negligence
- ☐ Auto Negligence
- ☐ Medical Malpractice
- ☐ Product Liability
- ☐ Assault/Battery
- ☐ Domestic Torts
- ☐ Other Negligence
- ☐ Other Personal Injury Tort

**Non-Personal Injury Tort**
- ☐ Libel/Defamation
- ☐ Auto Negligence
- ☐ Other Negligence
- ☐ Other Non-Personal Injury Tort

**Contract**
- ☐ Contract

**Declaratory/Equitable Relief**
- ☐ General Injunctive Relief
- ☐ Declaratory Judgment
- ☐ Other Equitable Relief

**Constitutional/Civil Rights**
- [x] Constitutional/Civil Rights

**Statutory Actions**
- ☐ Unfair Trade Practices
- ☐ Freedom of Access
- ☐ Other Statutory Actions

**Miscellaneous Civil**
- ☐ Drug Forfeitures

- ☐ Other Forfeitures/Property Libels
- ☐ Land Use Enforcement (80K)
- ☐ Administrative Warrant
- ☐ HIV Testing
- ☐ Arbitration Awards
- ☐ Appointment of Receiver
- ☐ Shareholders' Derivative Actions
- ☐ Foreign Deposition
- ☐ Pre-action Discovery
- ☐ Common Law Habeas Corpus
- ☐ Prisoner Transfers
- ☐ Foreign Judgments
- ☐ Minor Settlements
- ☐ Other Civil

### CHILD PROTECTIVE CUSTODY (PC)
- ☐ Non-DHS Protective Custody

### SPECIAL ACTIONS (SA)
**Money Judgment**
- ☐ Money Judgment Request Disclosure

### REAL ESTATE (RE)

**Title Actions**
- ☐ Quiet Title
- ☐ Eminent Domain
- ☐ Easements
- ☐ Boundaries

**Foreclosure**
- ☐ Foreclosure (ADR exempt)
- ☐ Foreclosure (Diversion eligible)
- ☐ Foreclosure - Other

**Misc. Real Estate**
- ☐ Equitable Remedies
- ☐ Mechanics Lien
- ☐ Partition
- ☐ Adverse Possession

- ☐ Nuisance
- ☐ Abandoned Roads
- ☐ Trespass
- ☐ Other Real Estate

### APPEALS (AP) (To be filed in Superior Court) (ADR exempt)
- ☐ Governmental Body (80B)
- ☐ Administrative Agency (80C)
- ☐ Other Appeals

**VI. M.R.Civ.P. 16B Alternative Dispute Resolution (ADR):**
- ☐ I certify that pursuant to M.R.Civ.P. 16B(b), this case is exempt from a required ADR process because:
  - ☐ It falls within an exemption listed above (i.e., an appeal or an action for non-payment of a note in a secured transaction).
  - ☐ The plaintiff or defendant is incarcerated in a local, state or federal facility.
  - ☐ The parties have participated in a statutory prelitigation screening process with _____
  - ☐ The parties have participated in a formal ADR process with _____ (name of neutral) on _____ (date).
  - ☐ This is a Personal Injury action in which the plaintiff's likely damages will not exceed $30,000, and the plaintiff requests an exemption from ADR.

**VII. (a)** ☑ **PLAINTIFFS** (Name & Address including county)
or ☐ Third-Party, ☐ Counterclaim or Cross-Claim Plaintiffs
☐ The plaintiff is a prisoner in a local, state or federal facility.

Sue Ann Draper
895 Lisbon St Suite 103
Lewiston, Maine 04240

**(b)** Attorneys (Name, Bar number, Firm name, Address, Telephone Number)  If all counsel listed do NOT represent all plaintiffs,
(If *pro se* plaintiff, leave blank)    specify who the listed attorney(s) represent.

M Elizabeth Gallie      Bar #3677
Maine Center on Deafness
68 Bishop St
Portland, Maine 04103
207 797 7656

**VIII. (a)** ☑ **DEFENDANTS** (Name & Address including county)
and/or ☐ Third-Party, ☐ Counterclaim or ☐ Cross-Claim Defendants
☐ The defendant is a prisoner in a local, state or federal facility.

State of Maine +
Commissioner Mary Mayhew
Department of Health and Human Services
221 State Street
Augusta, Maine 04333

**(b)** Attorneys (Name, Bar number, Firm name, Address, Telephone Number)   If all counsel listed do NOT represent all
(If known)    defendants, specify who the listed attorney(s)

**IX.   RELATED CASE(S) IF ANY** _____

Assigned Judge/Justice _____    Docket Number _____

Date: December 21, 2012      M Elizabeth Gallie
    Name of Lead Attorney of Record or *Pro se* Party

    M Elizabeth Gallie
    Signature of Attorney or *Pro se* Party

c:
CV-001, Rev. 08/09