UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SUE ANN DRAPER,                )<br>                                                   )<br>        Plaintiff                          )<br>                                                   )<br>v.                                                )<br>                                                   )<br>MAINE DEPARTMENT OF HEALTH )<br>AND HUMAN SERVICES, et al.,   )<br>                                                   )<br>        Defendants                     ) | No. 2:13-cv-28-JAW |

RECOMMENDED DECISION ON MOTION TO DISMISS

The defendants move to dismiss the plaintiff's complaint alleging disability discrimination, which was removed to this court from the Maine Superior Court (Cumberland County) by the defendants. I recommend that the court grant the motion in part.

### I.  Applicable Legal Standard

The motion invokes Federal Rule of Civil Procedure 12(b)(1) and (6). Defendants' Motion to Dismiss ("Motion") (ECF No. 4) at 1.

When a defendant moves to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of demonstrating that the court has jurisdiction. *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996). The moving party may use affidavits and other matter to support the motion, while the plaintiff may establish the existence of subject-matter jurisdiction through extra-pleading material. 5B C. Wright & A. Miller, *Federal Practice and Procedure*, § 1350 at 159-60 (3d ed. 2004); *see also Aversa*, 99 F.3d at 1210; *Hawes v. Club Ecuestre el Comandante*,

1

598 F.2d 698, 699 (1st Cir. 1979) (question of jurisdiction decided on basis of answers to interrogatories, deposition statements, and an affidavit).

With respect to Rule 12(b)(6), the Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted). This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011). Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citation and internal quotation marks omitted).

## II.  Factual Background

The complaint includes the following relevant factual allegations.

2

The plaintiff, Sue Ann Draper, is a deaf Maine resident who requires an American Sign Language interpreter for effective communication. Complaint (ECF No. 2-1) ¶ 7. The plaintiff's hearing loss constitutes a physical disability within the meaning of the Maine Human Rights Act and a physical impairment that substantially limits a major life activity within the meaning of the Americans with Disabilities Act. *Id*. ¶ 8. The defendants are the State of Maine and Mary Mayhew in her official capacity as commissioner of the Maine Department of Health and Human Services (the "Department"). *Id*. ¶ 3.

The plaintiff meets the essential eligibility requirements for receipt of services from or participation in programs or activities provided by the defendants. *Id*. ¶ 9. She has been a recipient of services from the Department for several years, and these services require her to meet with representatives of the Department on a regular basis. *Id*. ¶¶ 10-11. On March 10, 2010, the plaintiff had an appointment with an employee of the Department in Portland, Maine. *Id*. ¶ 12. The plaintiff requested in advance that an American Sign Language interpreter be at the meeting, and called on March 9, 2010, to verify that an interpreter would be present, but no interpreter was present when she arrived. *Id.* ¶¶ 12-15. The defendants had cancelled the interpreter before the meeting. *Id*. ¶ 16.

On April 15, 2010, the plaintiff went to the Department office in Portland to obtain emergency assistance. *Id*. ¶ 17. There was no interpreter. *Id*. ¶ 18. It is the policy and practice of the defendants not to provide video remote interpreting in American Sign Language, although it does provide instant telephone interpreter services for hearing individuals with limited English proficiency. *Id*. ¶¶ 19-20.

On April 21, 2010, the plaintiff attended a meeting at the Department's Portland office for which she had requested in advance the presence of an American Sign Language interpreter,

but the interpreter had again been cancelled by the defendants.  *Id*. ¶¶ 21-24.  On May 5, 2010, the plaintiff had a scheduled appointment at the Department's Portland office for which she requested an American Sign Language interpreter in advance, but the scheduled interpreter failed to appear.  *Id*. ¶¶ 25-27.

During her visits to the Department's Portland office, the plaintiff asked that the Department provide video remote interpreting for her meetings with Department personnel.  *Id*. ¶¶ 28-29.  The defendants refuse to provide video remote interpreting for American Sign Language users.  *Id*. ¶ 30.  This refusal has caused the plaintiff pecuniary losses, mental anguish, and emotional distress.  *Id*. ¶ 31.

### III.  Discussion

The complaint alleges violation of the Maine Human Rights Act, 5 M.R.S.A. § 4592; the Americans with Disabilities Act, 42 U.S.C. § 12132; and the Rehabilitation Act, 29 U.S.C. § 794.  Complaint ¶¶ 32-48.

### A.  Defendant Mayhew

The defendants first argue that claims under the statutes at issue against a public official in her official capacity are suits against the government entity itself; therefore, Mayhew is entitled to dismissal of all of the claims asserted against her.  Motion at 4.  The plaintiff responds that an exception to this principle applies to claims asserting "ongoing violations of federal law."  Plaintiff Sue Ann Draper's Opposition to Defendants' Motion to Dismiss ("Opposition") (ECF No. 6) at 9.  She says nothing about the state-law claim asserted in Count I of her complaint, and that omission alone entitles Mayhew to dismissal of Count I.  *E.g., Thayer Corp. v. Reed*, No. 2:10-cv-423-JAW, 2011 WL 2682723, at *11 (D. Me. July 11, 2011).

4

The plaintiff's argument applies to the two federal claims asserted in the complaint. She relies solely on *Ex parte Young*, 209 U.S. 123 (1908), as authority for her position. *See Asociación de Subscripción Conjunta Del Seguro de Responsabilidad Obligatorio v. Flores Galarza*, 484 F.3d 1, 24 n.26 (1st Cir. 2007) (*Ex parte Young* exception does not allow injunctive relief against state officials for violation of state law). Specifically, she contends that the distinguishing factor is that she "has requested an injunction enjoining Defendants to adopt and implement policies and procedures to ensure that Defendants carry out services in a nondiscriminatory manner." Opposition at 10. I note also that suits to which the *Ex parte Young* exception applies may not seek monetary damages or equitable restitution. *Vaquería Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 478 (1st Cir. 2009). To the extent that either Count II or Count III continues against Mayhew, therefore, the compensatory damages she demands, Complaint at 7, would not be available against Mayhew.

"In determining whether the doctrine of *Ex parte* Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland Inc. v. Public Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (citation and internal punctuation omitted). The defendants take the position that the plaintiff "does not allege any facts that suggest a continuing violation of federal law," and that they have "already promulgated policies to ensure that [the Department] carries out its services in a non-discriminatory manner." Motion at 11.

The complaint cannot reasonably be interpreted, even with the benefit of the generous standard applicable to consideration of motions to dismiss, to allege a continuing violation of either the ADA or the Rehabilitation Act. Rather, it alleges only past actions that have injured

5

the plaintiff. This is reason enough to grant the motion to dismiss as to Mayhew, because a necessary element of the *Ex parte Young* exception is missing. In addition, while the complaint does seek, *inter alia*, prospective injunctive relief, the specific relief requested is an order requiring the defendants "to adopt and implement policies and procedures to ensure that Defendants carr[y] out [their] services in a nondiscriminatory manner." Complaint at 7. It does not seek prospective injunctive relief with respect to the plaintiff's specific allegations, which deal only with the absence of American Sign Language interpreter services.

The defendants correctly point out, Motion at 11, that the Department already has promulgated a policy to "ensure that it carries out its services in a non-discriminatory manner." Department of Health and Human Services, Office of the Commissioner, Policy and Procedure Statement, Policy # DHHS-03-04.[1] Thus, the only demanded relief available against Mayhew already exists, rendering the plaintiff's demand for injunctive relief, as she herself phrases it, moot.

Mayhew is entitled to dismissal of Counts II and III.

### B. Monetary Damages

The complaint seeks compensatory damages on all claims from the State of Maine and/or the Department. Complaint at 7. Such damages under the ADA are barred by the Eleventh Amendment to the United States Constitution. *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 (2001) (ADA Title I); *Panzardi-Santiago v. University of Puerto Rico*, 200 F.Supp.2d 1, 14 (D.P.R. 2002) (ADA Title II). *See also Buchanan v. Maine*, 377 F.Supp.2d 276, 283 (D. Me. 2005). The remaining defendants are entitled to dismissal of this claim. The defendants do not argue that the same theory applies to the plaintiff's Rehabilitation Act claim.

---

[1] This document may properly be considered by the court in connection with the motion to dismiss. The defendants explicitly refer to it, and it makes clear that the plaintiff's demand for such a policy fails to state a claim upon which relief may be granted. *See generally Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 16-17 (1st Cir. 1998).

### C. Substantive Claims

### 1. Counts I and II

Claims asserted against the Department are claims against the State of Maine. *Budnick v. Barnstable County Bar Advocates, Inc.*, 989 F.2d 484 (table), 1993 WL 93133, at *4 n.9 (1st Cir. Mar. 30, 1993). The parties agree that the complaint is intended to assert a claim for failure to accommodate. Motion at 4, Opposition at 2. The plaintiff's claims under the ADA and the Maine Human Rights Act ("MHRA") are analyzed in the same manner. *Nicholson v. Bangor Historic Track, Inc.*, Civil No. 2:11-cv-00347-NT, 2013 WL 685337, at *2 (D. Me. Feb. 25, 2013).

The elements of a prima facie claim under Title II of the ADA, like the one made by the plaintiff here are: 1) that the plaintiff is a qualified individual with a disability; 2) that she was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and 3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Panzardi-Santiago*, 200 F.Supp.2d at 15. A public entity is required to take appropriate steps to ensure that communications with participants in its programs are as effective as communications with others. 35 C.F.R. § 160(a)(1); *see also* 5 M.R.S.A. § 4592(1)(B) & (C).

No challenge is raised to the plaintiff's status as a qualified individual with a disability. The defendants correctly point out that the complaint does not allege that the absence of American Sign Language interpretation via video remote interpreting excluded her from participation in or denied her the benefits of any service, program or activity of the Department. However, it does appear to allege that the defendants discriminated against her by reason of her disability. Complaint ¶¶ 1, 34-36, 42, 47.

The defendants assert that they are not required "to provide [the plaintiff] with the auxiliary aid that she requests or to provide the same accommodations or auxiliary aids to everyone." Motion at 7. Such a request need not be honored if another effective means of communication exists. *E.g., Bonnette v. District of Columbia Court of Appeals*, 796 F.Supp.2d 164, 183 (D.D.C. 2011). That is not a matter for resolution at this stage of the proceedings, however. Here, the matter at issue is the sufficiency of the pleadings in the complaint.

With that in mind, the defendants contend that they are entitled to dismissal of the ADA and MHRA claims because the complaint does not allege that the plaintiff was excluded from or denied any services or programs as a result of the absence of an American Sign Language interpreter, either in person or through video remote interpreting; that she did not have an equal opportunity to participate in any program for this reason; or that she was treated differently from any of the Department's clients with regard to any services, programs of activities. Motion at 8. To the contrary, the complaint, interpreted generously as it must be at this stage, alleges that she was treated differently from hearing individuals with limited English proficiency and other unspecified individuals. Complaint ¶¶ 20, 35, 42, 47.

Any defendant other than Mayhew is not entitled to dismissal of Counts I and II insofar as they seek relief other than compensatory damages, on the claimed basis of insufficient allegations. Of course, of the relief demanded by the plaintiff on Count II, only a declaratory judgment and attorney fees and costs may remain available. The defendants do not offer any other argument for dismissal of Count I, the state-law claim, pursuant to which the plaintiff seeks civil penal damages.

8

## 2. Eleventh Amendment Immunity

The defendants next contend that, regardless of the sufficiency of the allegations in the complaint, they are immune from suit under the ADA.  They cite *Buchanan* and *Doe v. Div. of Youth & Family Servs.*, 148 F.Supp.2d 462 (D.N.J. 2001), in support of this argument.   Motion at 10.  To the extent that this argument is separate from the defendants' argument concerning the plaintiff's claim for monetary damages, it succeeds under *Buchanan*, in which this court dealt with the question of "whether Congress had the power . . .to enforce the constitutional right at issue, namely equal protection for disabled citizens to reasonable accommodations."   377 F.Supp.2d at 281.

In that case, this court concluded as follows:

> Here, [the plaintiff] is asserting that the State of Maine engaged in improper disability discrimination.  Although such discrimination could be unconstitutional under the Equal Protection Clause, it is subject only to "rational basis" review, not the "heightened standard" of fundamental rights under the Due Process Clause.  Absent a fundamental right, based on the law as it has been developed to date, Title II [of the ADA] is not a proportional or congruent response to the recognized history of disability discrimination for mental health services.

*Id*. at 283 (citations omitted).  To the extent that there is a recognized history of disability discrimination for deaf individuals seeking state government services other than those for mental health, the same conclusion should apply here.

The plaintiff does not contend that the State has consented to be sued, the other available exception to Eleventh Amendment immunity.  *Buchanan*, 377 F.Supp.2d at 283-84,

The plaintiff asks this court to follow the opinion of the Eleventh Circuit Court of Appeals in *Association for Disabled Americans, Inc. v. Florida Int'l Univ.,* 405 F.3d 954 (11th Cir. 2005), which comes to a different conclusion.  Opposition at 9.  However, this court specifically rejected the reasoning of that case in *Buchanan*, 377 F.Supp.2d at 283, and the

plaintiff here offers no reason why this court should reverse itself and adopt the view of what it concluded in *Buchanan* was a distinctly minority position. *See also Doe v. Board of Trustees of Univ. of Illinois*, 429 F.Supp.2d 930, 939-40 (N.D. Ill. 2006) (also rejecting *Florida Int'l*).

Any defendant other than Mayhew is immune from suit under Title II of the ADA, the asserted basis of Count II, and thus entitled to dismissal of that count.

### 3. Count III

Finally, the defendants contend that the complaint fails to state a claim under the Rehabilitation Act. Motion at 5, 7. With the exception of the Rehabilitation Act's requirement that the defendant be a recipient of federal funds, *see* Complaint ¶ 45, cases interpreting the ADA and Section 504 of the Rehabilitation Act are interchangeable for analytical purposes. *Ward v. Massachusetts Health Research Inst., Inc.*, 209 F.3d 29, 33 n.5 (1st Cir. 2000); *DeCotiis v. Whittemore*, 842 F.Supp.2d 354, 371 (D. Me. 2012). Accordingly, any named defendant is entitled to dismissal of Count III for the reasons stated above.

### IV. Conclusion

For the foregoing reasons, I recommend that the motion to dismiss be **GRANTED** as to all counts against defendant Mayhew and as to Counts II and III against the remaining defendant, whether that defendant is characterized as the State of Maine or its Department of Health and Human Services, and otherwise **DENIED**. Remaining for resolution, if the court adopts this recommended decision, will be Count I, the claim under the Maine Human Rights Act, against the State or the Department.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for*

*which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 26th day of April, 2013.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge